IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **GARY W. MITCHELL, #07564-028,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL NO. 3:15-CV-3702-N-BK |
| | § | |
| **WARDEN EDDY MEJIA, Warden,** | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was automatically referred to the United States Magistrate Judge. Petitioner, a federal prisoner, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241. For the reasons that follow, the petition should be denied.

**I. BACKGROUND**

In 1989, Petitioner pled guilty to sexual battery and use of a child in sexual performance and was sentenced to 27- and 15-year terms of imprisonment, to be served concurrently in the Florida Department of Corrections. Doc. 11 at 5. In 2000 he paroled from the state sentences and was civilly committed until March 15, 2004, when he was released. *Id.*

On June 17, 2004, Petitioner was arrested in Indiana on a Florida state parole warrant, and on June 22, 2004, he was charged in the United States District Court for the Southern District of Indiana of transporting child pornography in interstate commerce. *Id.* at 5-6. The next day, the State of Florida lodged a detainer with the United States Marshals Service (USMS), which in turn served Petitioner with a federal arrest warrant while he was still detained in Monroe County, Indiana. *Id.* at 6.

On November 23, 2004, Petitioner pled guilty to the federal charges and was sentenced to 180 months' imprisonment. *Id.* Subsequently, on January 28, 2005, he was released to the Florida Department of Corrections for parole revocation proceedings and the USMS lodged a detainer for "180 months consecutive to Florida State Sentence." *Id.*

On March 27, 2014, after completing his state sentences, Petitioner paroled from the Florida Department of Corrections to the custody of the USMS to serve his federal sentence. *Id.* at 7. The Florida Department of Corrections credited Petitioner's time served between June 17, 2004 and April 1, 2014 toward his state sentences. *Id.* The BOP rejected Petitioner's later request to designate retroactively the state institution for service of his federal sentence. *Id.* at 10.

In this lawsuit, Petitioner seeks credit toward his federal sentence for 117 months served from June 17, 2004, through March 27, 2014, claiming he was in federal custody and not simply "borrowed" from the state of Florida during that period. Doc. 4 at 1, 3, 6. Respondent opposes Petitioner's request, but notes the Bureau of Prisons (BOP) recently credited his sentence for the period of June 24, 2004 to January 28, 2005, when he primarily was in federal custody. Doc. 8 at 4-6. Petitioner has not filed a reply.

## II. ANALYSIS

Under 18 U.S.C. § 3585(a), a federal sentence "commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." Petitioner commenced his federal sentence on March 27, 2014, when the Florida Department of Corrections released him following the completion of his state sentences and transferred him to the custody of the U.S. Marshal to begin serving his federal sentence. *See Jones v. Joslin*, 635

F.3d 673, 675 (5th Cir. 2011) (finding that petitioner's federal sentence commenced on the day he was officially released from state custody to federal officials).  The BOP thereafter awarded him jail-time credit for the only other period he was in exclusive federal custody -- from June 24, 2004, the date the USMS executed the federal arrest warrant against him while he was in custody in Indiana, until January 28, 2005, the date he was turned over to the Florida Department of Correction for parole revocation proceedings after being sentenced on the federal charges.  Doc. 11 at 8, 48.

      Between January 28, 2005, and March 27, 2014, Petitioner was incarcerated within the Florida Department of Corrections serving the state sentences imposed when his parole was revoked.  Petitioner is not entitled to credit toward his federal sentence for the time spent serving his state sentences.  Jones, 635 F.3d at 675.  And under 18 U.S.C. § 3585(b), a federal prisoner is entitled to receive credit for time he has served in custody prior to the commencement of his federal sentence, as long as that time has not previously been credited towards any other sentence.  See United States v. Wilson, 503 U.S. 329, 337 (1992) (explaining that when Congress enacted section 3585(b), it "made clear that a defendant could not receive a double credit for his detention time."); Leal v. Tombone, 341 F.3d 427, 429-430 (5th Cir. 2003) (under section 3585(b), federal prisoner is not entitled to pre-sentence credit that has previously been credited towards another sentence). [3]

---

[3] Section 3585(b) reads as follows:

> **Credit for prior custody.**--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>     **(1)** as a result of the offense for which the sentence was imposed; or
>     **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

Further, Petitioner cannot dispute the order in which he is serving his sentences. *Id.* The "federal government and a state are perfectly free to make any agreement between themselves concerning which of their sentences will be served first." *Causey v. Civiletti,* 621 F.2d 691, 694 (5th Cir. 1980).

Lastly, the BOP acted within its discretion in refusing Petitioner's request for retroactive designation to the state institution to serve his federal sentence under 18 U.S.C. § 3621. Doc. 11 at 10-11, 79, 95. The judgment was silent as to whether the federal sentence should be served concurrently to the yet-to-be imposed state sentences on parole revocation. Doc. 11 at 28-30. Thus, under 18 U.S.C. §3584(a), the federal sentence was presumed to run consecutively to the state sentences. *See Jones*, 635 F.3d at 674-675 (noting strong presumption under section 3584(a) that separately imposed sentences are to run consecutively, and that the onus is on the district court to specifically order when it wishes to depart from this default rule).

Because Petitioner has not shown that he has a clear right to additional credit against his federal sentence, his petition should be denied.

---

that has not been credited against another sentence.
18 U.S.C. § 3585(b).

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus under 28 U.S.C. § 2241 be **DENIED**.

SIGNED April 26, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996)*.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE